UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALAN LYNSDALE HAMILTON,

    Petitioner,

v.                              Case No. 3:20cv5967-LC-HTC

MARK INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Alan Lynsdale Hamilton, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 challenging his convictions in four cases in the circuit court of Escambia County, Florida. ECF Doc. 1. The Respondent moved to dismiss the Petition as untimely. ECF Doc. 7. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

Hamilton admits the federal petition is untimely but argues equitable tolling excuses the late filing. ECF Doc. 1 at 44-45. After considering the petition, the State's motion to dismiss, and Petitioner's reply (ECF Doc. 11), the undersigned recommends the petition be dismissed with prejudice as untimely without an evidentiary hearing.

I. **BACKGROUND**

Over three to four days in May of 2012, appellant used his cell phone to communicate with an undercover law enforcement officer, who was posing as a 14–year–old girl named Jessica. *Hamilton v. State*, 163 So. 3d 1277, 1278 (Fla. 1st DCA 2015). After expressing his wish to engage in sexual conduct with Jessica via text messages, appellant arranged to meet Jessica at a bowling alley. *Id*. On May 4, 2012, appellant drove his vehicle to the bowling alley, approached an undercover officer, and was arrested. *Id*. Police then obtained a search warrant for his residence and digital devices, and a search of them found evidence of possession of child pornography and video voyeurism. ECF Doc. 1-1 at 11, 102-04.

Petitioner was charged in four cases in Escambia County: 2012 CF 2256 (two (2) counts - traveling to meet minor for sex and use of two-way device to facilitate felony); 2012 CF 2740 (possession of child pornography); 2012 CF 2788 (video voyeurism); and 2012 CF 3347 (2 counts - video voyeurism and video voyeurism with victim under 16). He pled *nolo contendere* in three of the cases, going to a bench trial in the fourth – 2012 CF 2256, charging the traveling to meet a minor and illegal use of a two-way device, and was found guilty. ECF Doc. 1 at 2; ECF Doc. 7-1 at 1. On October 18, 2013, Petitioner was sentenced to imprisonment "[f]or a term of 875.4 months, each case & each count concurrent." ECF Doc. 7-1 at 4.

## II. THE PETITION IS UNTIMELY

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act Of 1996 ("AEDPA"), a § 2254 petition must be filed within one-year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]  Additionally, the one-year time period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

As an initial matter, and as stated above, Petitioner does not dispute the petition was filed beyond the one-year AEDPA limitations period.  Petitioner filed a direct appeal covering all four cases, and the First District Court of Appeal ("First DCA") in Case No. 1D13-5380 affirmed the conviction and sentencing on all counts in all the cases, *except* in Case No. 2012 CF 2256.  As to that case, the First DCA ruled the convictions for both traveling to meet a minor for sex and illegal use of a two-way communication device violated the Double Jeopardy Clause.  ECF Doc. 7-2 at 2.  On remand, the circuit court dismissed count two of Case No. 2012 CF 2256 and resentenced the Petitioner on July 20, 2015, *nunc pro tunc* to July 13, 2015 to 872.7 months (a reduction in his initial sentence).  ECF Doc. 7-3 at 4.

---

[1] Although there are other "trigger" dates under the AEDPA, none of those apply here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D)

Petitioner did not appeal the amended judgment, so the conviction became final when the 30-day appeal period in Florida expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Fla. R. App. P. 9.140(b)(3) ("The defendant shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing a direct appeal expires). The amended judgment was issued on July 13, 2015. See ECF Doc. 7 at 2. Therefore, the conviction became final on Wednesday, August 12, 2015. The AEDPA clock began running the next day.

Petitioner, through counsel, filed a 3.850 motion on June 23, 2016, which tolled the limitations period. ECF Doc. 7-4 at 1. Before the filing of the 3.850 motion, 315 days ran off the AEDPA clock. The 3.850 motion was continuously pending through various amendments, the dismissal of counsel, a third amended 3.850 motion filed *pro se*, a denial on the merits in a written order on December 6, 2018, an affirmance on appeal, until the mandate was issued on March 9, 2020. ECF Doc. 7-5 at 16. Because 315 days had expired on the AEDPA clock, including the leap day on February 29, 2016, the Petitioner had 51 days, or until Thursday, April 30, 2020, to file his federal petition. The federal petition was not delivered to prison

Case No. 3:20cv5967-LC-HTC

mail officials until November 24, 2020. ECF Doc. 1 at 1. Therefore, the petition is untimely unless equitable tolling applies.

## III.     PETITIONER IS NOT ENTITLED TO EQUITABLE TOLLING

Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003).

The burden to show that equitable tolling applies "'rests solely on the petitioner' who cannot rely on 'mere conclusory allegations,' which 'are insufficient to raise the issue of equitable tolling.'" *Robinson v. State Attorney for Fla.*, 808 F. App'x 894, 898 (11th Cir. 2020) (quoting *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011)). Also, a petitioner will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1072 (11th Cir. 2011). For the reasons set forth below, the undersigned does not find Petitioner to be entitled to the benefits of equitable tolling because Petitioner is unable to meet either prong.

Case No. 3:20cv5967-LC-HTC

### A. Attorney's Alleged Misconduct Does Not Support Equitable Tolling

Petitioner offers two arguments for equitable tolling. First, he contends his postconviction attorney's conduct prevented him from meeting the deadline. Second, he contends the Covid-19 pandemic prevented him from meeting the deadline.

As to his first argument, Petitioner contends "the time Mr. Ufferman was the attorney of record" should be equitably tolled because "Mr. Ufferman commenced to file numerous frivolous motions and two (2) Rule 3.850 postconviction motions that were not legally sufficient. Mr. Ufferman was given an opportunity by the court to remedy the shortcomings but persisted to engage in stupefying subterfuge and never filed a legally sufficient Rule 3.850 motion." ECF Doc. 11 at 2. Specifically, Petitioner argues the AEDPA time should be tolled during the entire time Ufferman was attorney of record. *Id.* at 3.

The undersigned, however, finds no basis to apply equitable tolling based on Ufferman's representation of Petitioner. The Supreme Court has recognized that, "at least sometimes," an attorney's professional misconduct could "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." *Id.* at 651. The Eleventh Circuit has narrowly defined what constitutes "extraordinary circumstances" and held that negligence by an attorney, such as missing a filing deadline, is not extraordinary. *Cadet v. Fla. Dep't. of Corr.*, 853

F.3d 1216, 1236 (11th Cir. 2017). Rather, more is required for equitable tolling to apply, such as abandonment by counsel, "bad faith, dishonesty, divided loyalty, [or] an attorney's mental impairment." *Brown v. Sec'y, Dept. of Corr.*, 750 F. App'x 915, 929 (11th Cir. 2018).

Aside from bald allegations of improper conduct by Petitioner, the record fails to support any finding that attorney Ufferman acted with bad faith, dishonesty, divided loyalty, or mental impairment. Instead, the record shows that attorney Ufferman represented Petitioner with good faith effort consistent with typical postconviction practice. Moreover, Ufferman was not retained to work on the federal petition or any aspect of it; instead, Petitioner retained him solely to work on the 3.850 motion. Regardless, Petitioner's allegations regarding Ufferman's handling of the 3.850 motion does not support equitable tolling because, even if Ufferman made any errors with regard to the Rule 3.850 motion, the filing of the motion tolled the limitations period until the mandate issued, leaving Petitioner with 51 days to file the federal petition.

### B. Covid-19 Lockdowns and Lack of Access to Legal Materials Are Not Extraordinary Circumstances Supporting Equitable Tolling

Petitioner also argues in the petition that equitable tolling is appropriate because "within the ensuing pertinent pro se time period further delay followed due to the corona virus and months-long total lockdown at Petitioner's facility, inclusive of no access, whatsoever, to the facility law library." ECF Doc. 1 at 45. Petitioner

offers no additional facts about the alleged lockdown other than this one sentence. Indeed, Petitioner does not address this claim in his reply. ECF Doc. 11.

The Eleventh Circuit has held that prison lockdowns and restricted access to a law library or legal documents do not constitute extraordinary circumstances to warrant equitable tolling. *See Castillo v. United States*, No. 16-17028-E, 2017 WL 5591797, at *3 (11th Cir. May 4, 2017) (collecting cases); *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007). Also, district courts within the Eleventh Circuit "have declined to grant equitable tolling based on prison lockdowns due to Covid-19." *Phillips v. United States*, No. 8:18-CR-91-T-27AAS, 2021 WL 679259, at *3 (M.D. Fla. Feb. 22, 2021) (citing *Moreno v. United States*, No. 1:17-CR-0446-TCB-RGV-1, 2020 WL 7091088, at *2 (N.D. Ga. Sept. 18, 2020), *report and recommendation adopted*, 2020 WL 5939887 (N.D. Ga. Oct. 7, 2020); *United States v. Henry*, No. 2:20-cv-01821, 2020 WL 7332657, at *3-5 (W.D. Penn. Dec. 14, 2020); *United States v. Thomas*, No. 18-135, 2020 WL 7229705, at *2-3 (E.D. La. Dec. 8, 2020); *Franco v. United States*, 2021 WL 1546021, at *4 (M.D. Fla. Apr. 20, 2021)).

In particular, courts in this District have uniformly rejected equitable tolling based on Covid-19 restrictions. *See WILLIE GEORGE HARRIS, Petitioner, v. MARK INCH, Respondent.*, No. 3:20-CV-5890-MCR-MJF, 2021 WL 2384567, at *4 (N.D. Fla. Apr. 23, 2021), *report and recommendation adopted*, 2021 WL 2383719 (N.D. Fla. June 10, 2021) ("Harris does not show a causal connection

Case No. 3:20cv5967-LC-HTC

between the lockdown and his ability to file his § 2254 petition by July 31, 2020."); *Hanf v. Inch*, No. 4:20CV330/TKW/EMT, 2021 WL 1251854, at *1 (N.D. Fla. Apr. 5, 2021) ("With respect to equitable tolling, the Court finds no record support for Petitioner's claim in his objections that COVID-19 restrictions on access to the prison law library "from [February 26, 2020] until and beyond March 31st" hampered his ability to timely file his petition."); *Webster v. Sec'y, Fla. Dep't of Corr.*, No. 3:20-CV-5727-MCR-MJF, 2021 WL 1566848, at *4 (N.D. Fla. Mar. 29, 2021), *report and recommendation adopted,* 2021 WL 1564321 (N.D. Fla. Apr. 21, 2021) ("Webster's bare assertions regarding restrictions on access to the law library and his legal property during the COVID-19 pandemic are unavailing.").

Like the petitioners in the above cases, Petitioner has not explained how any lockdown or COVID-19 restrictions impeded his ability to file a timely petition. For example, Petitioner does not explain when any lockdown was instituted, how long it lasted or why he necessarily needed access to the law library to file a timely petition. Indeed, the Court notes that while Petitioner did not file a timely federal petition, he did file the following *prior* to the April 30, 2020 deadline: (1) a petition for discretionary review with the Florida Supreme Court on March 17, 2020 (SC20-373); (2) a habeas corpus petition with the Florida Supreme Court on March 31, 2020 in SC20-465, *Hamilton v. Florida*, 2020 WL 1809997 (Fla. 2020); and (3) a habeas corpus petition with the Florida Supreme Court on April 28, 2020 in SC20-609.

Case No. 3:20cv5967-LC-HTC

To benefit from equitable tolling, a petitioner must show he was actually thwarted by circumstances beyond his control from filing a timely federal petition. Petitioner has clearly not done so here, and the contemporaneous filing of other legal pleadings belies such a claim. In *Paulcin v. McDonough*, for example, the Eleventh Circuit rejected equitable tolling claim because

> Paulcin asserted only the conclusory allegation that he was denied access to the library and his records but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding. In fact, Paulcin filed an appeal of a denial of a Fla. R. 3.850 motion in state court during the time he had no access to his records or the law library. This fact belies the allegation that he was prevented from pursing legal redress during his time at the Santa Rosa County Jail.

259 F. App'x 211, 213 (11th Cir. 2007). Thus, the undersigned finds Petitioner is not entitled to equitable tolling based on the alleged Covid-19 restrictions.

Because Petitioner has not borne his burden of showing extraordinary circumstances, the Court need not consider whether he acted diligently in pursuing his petition. "[T]he reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling. *Cadet*, 853 F.3d at 1225 (citing *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 259 n.5 (2016) ("Because we hold that there were no extraordinary circumstances, we need not decide whether the Tribe was diligently pursuing its rights.")).

## IV. CONCLUSION

### A. Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Because Petitioner has failed to allege facts sufficient to show the application of equitable tolling, the undersigned finds this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 474.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is

also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the Respondent's Motion to Dismiss, ECF Doc. 7, be GRANTED.

2. That the petition under 28 U.S.C. § 2254, ECF Doc. 1, be DISMISSED WITH PREJUDICE AS UNTIMELY without an evidentiary hearing.

3. That a certificate of appealability be DENIED.

4. That the clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of June, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.